# EXHIBIT A

MAR 1 9 2020

## IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

ROBERT CANTERBURY, owner of CLC ENTERPRISES, INC.,

Plaintiff,

v.  CIVIL ACTION NO.: 20-C-113-P

WHITE PINE INSURANCE COMPANY,

Defendant

### SUMMONS

To the Defendant:

    Brian Roney
    White Pine Insurance Company
    550 W. Merrill Street, Suite 200
    Birmingham, MI 48009

IN THE NAME OF THE STATE OF WEST VIRGNIA, you are hereby summoned and required to serve upon **MICHAEL E. FROBLE, ESQUIRE**, Petitioner, Walter Kenneth Fitzwater's, attorney, whose address is **1555 HARPER ROAD, BECKLEY, WEST VIRGINIA 25801**, an answer, including any related counterclaim you may have, to the petition filed against you in the above styled action, a true copy of which is herewith delivered to you. You are required to serve your answer within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled action.

Dated: March 11, 2020

                              *Paul J. Flanagan*
                              Clerk of Court

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

ROBERT CANTERBURY, owner of CLC ENTERPRISES, INC.,

Plaintiff,

v.  CIVIL ACTION NO.: 20-C-113-P

WHITE PINE INSURANCE COMPANY,

Defendant.

RALEIGH COUNTY
RECEIVED AND FILED
MAR 11 2020
PAUL H FLANAGAN
CIRCUIT CLERK

## PETITION FOR DECLARATORY RELIEF

Comes Plaintiff, Robert Canterbury, owner of CLC Enterprises, Inc., by counsel, Michael E. Froble filing this Petition for Declaratory Judgment against Defendant, White Pine Insurance Company, requesting Declaratory Judgment involving under insurance coverage regarding loss of use of a commercial vehicle that Defendants provided insurance coverage. Plaintiff includes a Bad Faith Claim against Defendant for Defendant's refusal to act in good faith and make any reasonable attempts to resolve this claim for lost profit. Plaintiff respectfully represents as follows;

1. Plaintiff, Robert Canterbury, is a resident of Raleigh County, West Virginia and is the owner of CLC Enterprises, Inc., which is a registered corporation with the Secretary of State's Office authorized to do business in Raleigh County, West Virginia. Plaintiff is in business of providing services to motorists, including towing and related services;

2. Defendant, White Pine Insurance Company, is a foreign corporation registered with the Secretary of State's Office authorized to business in the State of West Virginia, including Raleigh County, West Virginia, with a

       principal office and Notice of Process address of 550 West Merrill Street, Suite 200, Birmingham, MI 48009. The listed agent for Service of Process is Brian Roney;

3. Defendant provided commercial auto insurance coverage, which included $500,000.00 of under insurance coverage on the Policy Number WPCS000910 with an effective date of Marcy 7, 2015. This insurance policy covered the commercial vehicle owned by Plaintiff;

4. On November 18, 2015, a commercial vehicle owned by Plaintiff, was damaged by another vehicle that had no insurance or limited insurance, thereby resulting in Plaintiff filing a claim under his insurance coverage with Defendant for damages to the vehicle and loss of use and loss of profits for the approximate six (6) month period after the accident through May 2016;

5. After the November 18, 2015 accident, the vehicle was not repaired in a timely fashion and remained at the garage resulting in Plaintiff sustaining an approximate six (6) month loss of use of the vehicle and loss of profits from being able to utilize the vehicle in his business. The vehicle was a flat bed truck that Plaintiff relied upon in his daily business, along with other vehicles owned and used in his towing business;

6. Plaintiff received reimbursement for repairing the vehicle, but has been denied his claim for loss of use and loss of profits for the period of time that the truck remained in the garage and that he was not able to utilize the vehicle in his business;

7. Plaintiff estimates that he lost between $10,000.00 - $12,000.00 per month in lost profits for his loss of use of the vehicle for a total loss of at least $70,000.00;

8. Plaintiff filed a claim in which Defendant accepted insurance coverage for the vehicle, but contended that Plaintiff needed to document the specific dollar amount of his loss of profits. Defendant has accepted liability, but claims that there is no documented loss of profits and therefore Defendant has refused to pay Plaintiff any money for his loss of use or loss of profits for the covered vehicle;

9. The approximate six (6) month delay in repairing the covered vehicle was due to the inaction on the part of Defendant and Plaintiff is entitled to the loss of profits for such time that the vehicle was not able to be utilized in his business. Plaintiff suffered a loss of profits due to not being able to utilize this specific vehicle in his business for the six (6) month period following the accident in which the vehicle was damaged;

10. Plaintiff contacted the insurance adjustor for Defendant and Plaintiff was requested to provide aluminous and unreasonable documentation from his business and accountant to establish a specific loss of profits for the subject damaged vehicle that was not picked up by the use of other trucks owned and utilized by Plaintiff and his business. Plaintiff contends that the damaged vehicle was unique and that he was not able to utilize other trucks to avoid his losing profits from the loss of use of the damaged vehicle for the six (6) month period following the accident. Not only did

Plaintiff suffer loss of profits for the loss of use of the damaged vehicle, but Plaintiff had to lay off employees, thereby suffering a loss of profits for their inability to generate money;

11. Plaintiff had to retain an attorney to assist him in his claim for loss profits. The insurance adjustor for Defendant telephonically interviewed Plaintiff and thereafter requested additional business records from Plaintiff's accountant not only for the damaged vehicle, but for all of the vehicles owned and utilized by Plaintiff during the six (6) month period following the accident and for a new client that Plaintiff was able to land in December 2015, which generated profits to Plaintiff unrelated to his loss of use and loss of profits regarding the damaged vehicle. Plaintiff would have generated such additional profits in addition to the lost profits he sustained as a result of the loss of use of the damaged vehicle;

12. Defendant denied the claim admitting that there was coverage, but contending that Plaintiff had not sustained any loss of profits or any monetary loss whatsoever as a result of the six (6) month period following the accident that Plaintiff was denied the ability of using the damaged vehicle in his business;

13. Defendant has violated the implied fair dealing and responsibility to negotiate a reasonable settlement once liability is clear under its insurance policy with Plaintiff;

14. Defendant has violated the West Virginia Unfair Settlement Practice Act, which requires an expedient payment of damages once liability is clear under an insurance policy;

15. Plaintiff contends that Defendant has committed first party bad faith in denying that Plaintiff is entitled to any money for the lost profits plaintiff suffered as a result of the six (6) month loss of use of the damaged vehicle;

16. Plaintiff has attempted in good faith to provide all requested documentation and has cooperated by providing a telephonic statement and has retained legal counsel in attempts to resolve his claim for loss of profits;

17. Defendant has acted in bad faith by refusing to pay any money for loss of profits for the six (6) month period for the loss of use of the damaged vehicle resulting in Plaintiff having to bring this action concurring litigative costs and attorney fees.

WHEREFORE, Plaintiff, Robert Canterbury, owner of CLC Enterprises, Inc., requests that a judgment be entered against Defendant, White Pine Insurance Company, for compensatory damages of a loss of profits in an amount not less than seventy thousand dollars ($70,000.00) plus punitive damages for bad faith in an amount not less than one hundred thousand dollars ($100,000.00) plus prejudgment interest from May 2016, post judgment interest, litigative costs and attorney fees and any other relief deemed just and equitable by this Court.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

By Counsel

*[signature]*

Michael E. Froble
WV Bar ID# 1300
Froble Law Office
1555 Harper Road
Beckley, West Virginia 25801
304.252.9935 Telephone
304.252.9532 Facsimile

RALEIGH COUNTY
RECEIVED AND FILED

MAR 11 2020

PAUL H FLANAGAN
CIRCUIT CLERK

CIVIL CASE INFORMATION SHEET

CIVIL CASES IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

I.    Case Style: Complaint
Plaintiff

Case No.: 20-C-113

**ROBERT CANTERBURY, owner of CLC ENTERPRISES, INC.,**

Judge: Polling

V.

Defendant
**WHITE PINE INSURANCE COMPANY,**

| Days to Answer | Type of Service |
|---|---|
| 20 | Secretary of State |

Plaintiff:    Robert Canterbury, owner of CLC Enterprises, Inc.

Defendant:    White Pine Insurance Company

Case No.:

II.    TYPE OF CASE    Complaint

III.    JURY DEMAND    No

IV.    Do you or any of your clients or witnesses in this case require special accommodations due to a disability or age?

No

Attorney Name:    Michael E. Froble    Representing: Plaintiff
Address:    1555 Harper Road
Beckley, West Virginia 25801

Telephone:    304.252.9935

Dated: June 4, 2019

_____
Signature

FIRST-CLASS

US POSTAGE
$007.20
02 1P
0001206179   MAR 11 2020
MAILED FROM ZIP CODE 25801

E Froble
rper Road
, West Virginia 25801

Brian Roney
White Pine Insurance Company
550 W. Merrill Street, Suite 200
Birmingham, MI 48009

AC 2/16

# EXHIBIT B

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

| | |
|---|---|
| ROBERT CANTERBURY, owner of CLC ENTERPRISES, INC., | CIVIL DIVISION |
| Plaintiff, | No. 20-C-113-P |
| -vs- | |
| WHITE PINE INSURANCE COMPANY | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |
| Defendant. | |

Filed on behalf of Defendant,
White Pine Insurance Agency

Counsel of record for this Party:

SUSAN L. LOUGHRAN
WV I.D. 9690

Hardin Thompson, P.C.
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, Pennsylvania 15219

(412) 315-7195
(412) 315-7386 (fax)

**JURY TRIAL DEMANDED**

1

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

ROBERT CANTERBURY, owner of                 CIVIL DIVISION
CLC ENTERPRISES, INC.,

                                                                                    No. 20-C-113-P

     Plaintiff,

-vs.-

WHITE PINE INSURANCE COMPANY,

     Defendant.

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

PLEASE TAKE NOTICE that on the 24th day of March, 2020, the undersigned attorney for White Pine Insurance Company filed a Notice of Removal of this action from the Circuit Court of Raleigh County, West Virginia, to the United States District Court of the Southern District of West Virginia  A true and correct copy of said Notice of Removal, which will be filed with the United States District Court for the Southern District of West Virginia, is attached hereto and made a part hereof.

Please take further notice that pursuant to 28 U.S.C. §1331, the filing of the Notice of Removal in the United States District Court for the Southern District of West Virginia, and the filing of this Notice, effectuates the removal of this action and the above-captioned court may proceed no further unless the case is remanded.

2

Respectfully Submitted,

**HARDIN THOMPSON, P.C.**

*Susan L. Loughran*_____
Susan L. Loughran, Esquire (WV ID 9690)
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, Pennsylvania 15219
(412) 315-7195
(412) 315-7386 (fax)
**Attorney for Defendant**
**White Pine Insurance Company**

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF REMOVAL,** was served via the Court's ECF system and via U.S. mail, First-Class, postage prepaid on the 24th day of March, 2020:

>Micheal E. Froble, Esquire
>Froble Law Office
>1555 Harper Road
>Beckley, WV 25801
>***Attorney for Plaintiff***

>HARDIN THOMPSON, P.C.
>
>*/s/Susan L. Loughran*_____
>By: Susan L. Loughran, Esquire

# EXHIBIT C

ROBERT CANTERBURY                    VS. WHITE PINE INSURANCE COMPANY


LINE   DATE    ACTION

  1  03/11/20  CASE FILED - ISSUED SUMMONS ALONG W/ COMPLAINT, RETN TO ATTNY
  2            FOR SERV.  DP
                                                                        (CC)

Krysta
Susan