# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

ROBERT CANTERBURY, owner of
CLC ENTERPRISES, INC.

    Plaintiff,

v.                                  CIVIL ACTION NO. 5:20-cv-00241

WHITE PINE INSURANCE COMPANY,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Robert Canterbury's Motion to Remand [Doc. 27]. The matter is ready for adjudication.

## I.

On May 11, 2020, Plaintiff Robert Canterbury instituted this action in the Circuit Court of Raleigh County, West Virginia, against Defendant White Pine Insurance Company ("White Pine"). [Doc. 1 at 1]. Mr. Canterbury's complaint alleged that on November 18, 2015, an accident occurred involving his tow truck which was insured by White Pine. Mr. Canterbury asserts an $800 per day loss while the truck was being repaired. [Doc. 28 at 2]. Further, inasmuch as his policy includes "loss of use" coverage, Mr. Canterbury alleged that his recovery is not limited to lost profits. [*Id*. at 4].

On April 7, 2020, White Pine removed the proceeding to the Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. [Doc. 1]. Mr. Canterbury is an individual who

resides in Raleigh County, West Virginia, and White Pine is a corporation "organized under the laws of the State of Michigan, with a principal place of business Somerset, Pennsylvania." [*Id*. at 1]. Additionally, White Pine asserts that the amount in controversy has been met as Mr. Canterbury seeks (1) compensatory damages of a loss of profits in an amount not less than $70,000, (2) punitive damages for bad faith in an amount not less than $100,000, (3) pre-judgment interest from May 2016, (4) post-judgment interest, and (5) litigative costs and attorney fees. [*Id.*].

On April 19, 2021, Mr. Canterbury filed a Motion to Remand. [Doc. 27]. Mr. Canterbury alleges that White Pine erroneously removed this case to federal court as White Pine now contends "that Plaintiff has either suffered a nominal or no loss of profits." [*Id*. at 3]. White Pine acknowledges that a zero sum does not meet the jurisdictional amount necessary for removal. [*Id*. at 3].

**II.**

Federal courts are authorized to exercise diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). Satisfaction of the amount in controversy is determined based on the record of relief requested up to the time of the notice of removal being filed. *See Atena Cas. & Sur. Co. v. Flowers*, 330 U.S. 464, 466 (1947); *see also Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633 (S.D. W. Va. 2009). A plaintiff's good-faith claim for specific monetary damages in the complaint binds the defendant. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414 (N.D. W. Va. 2012).

Here, Mr. Canterbury's complaint was the sole recorded pleading at the time removal was requested. Review of the complaint irrefutably indicates that the amount in controversy exceeds the jurisdictional amount. Mr. Canterbury's complaint seeks damages in the

amount of at least $70,000 in compensatory damages, and $100,000 in punitive damages. As the amount in controversy clearly exceeds the $75,000 threshold necessary for diversity jurisdiction, remand would be improper. The Court has original jurisdiction over this matter.

### III.

Accordingly, the Court **DENIES** Plaintiff Robert Canterbury's Motion to Remand [**Doc. 27**].

The Clerk is directed to send copies of this written opinion and order to all counsel of record and any unrepresented party.

ENTERED: June 23, 2021

Frank W. Volk
United States District Judge